JOSEPH A. MANDOUR, III (SBN 188896)
BEN T. LILA (SBN 246808)
MANDOUR & ASSOCIATES, APC
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone:  (858) 487-9300
Facsimile: (858) 487-9390
Email: jmandour@mandourlaw.com

Attorneys for plaintiff,
CRYSTAL COVE DESIGN STUDIO LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL COVE DESIGN STUDIO LLC, a California Limited Liability Company,<br><br>          Plaintiff,<br><br>          v.<br><br>JULIE SCHWARZ dba GRACE LILLY HOME, an individual,<br><br>          Defendant. | Civil Case No. 14 CV 00737<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CRYSTAL COVE DESIGN STUDIO LLC (hereinafter "plaintiff"), by and through its counsel, alleges as her complaint against JULIE SCHWARZ (hereinafter "defendant") as follows:

\\

## NATURE OF THE ACTION

1. This is an action for copyright infringement under federal law pursuant to 17 U.S.C. § 501, *et seq*.

## THE PARTIES

2. Plaintiff CRYSTAL COVE DESIGN STUDIO LLC is a California Limited Liability Company with an address in Westminster, CA.

3. Defendant JULIE SCHWARZ is an individual residing in Washington, DC and doing business as Grace Lilly Home that has a business address at 1111 25th Street NW #811, Washington, DC 20037.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the copyright laws of the United States, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over defendant because defendant has transacted business in the Central District of California.  Further, on information and belief, the defendant systematically and continuously directs business activities toward and into the Central District of California through sales, marketing and advertising on its publicly accessible interactive Internet website Etsy.com.

6. Defendant's web pages at Etsy.com purport to provide shipping to 50 states throughout the U.S., including the Central District of California.  Thus, all content that infringes plaintiff's copyright is for sale to consumers in the Central District of California.  Specifically, on or about April 20, 2014, defendant transacted business with Samantha Custer of Cypress, California.  Attached hereto as **Exhibit A** is Samantha Custer's acknowledgment of the sale on defendant's website and a true and correct copy of the website MyLife.com indicating her current residence in Cypress, California, located in the Central District of

1  California.

2  7. On information and belief, defendant entered into systematic and
3  continuous business in the District by offering for sale and shipping using the
4  infringing content. In view of the foregoing, plaintiff's claims arise from
5  defendant's contact with the Central District of California.

6  8. Venue is proper and reasonable in this district under 28 U.S.C. §
7  1391(b)(2) because a substantial part of the events or omissions giving rise to this
8  claim for copyright infringement occurred in this district and defendant has
9  significant, substantial and continuous contacts with the district.

## FACTS

11  9. Plaintiff CRYSTAL COVE DESIGN STUDIO LLC is the assignee
12  of all copyright rights to picture frames designed by Sherri Hellbusch . Plaintiff
13  sells its products on the website Etsy.com.

14  10. Plaintiff's picture frame designs are the subject of U.S. Copyright
15  Application Nos. 1-1428672881 and 1-1428771889. As such, plaintiff's designs
16  will be entitled to a statutory presumption of valid copyright rights upon
17  maturation of the application into registration.

18  11. On information and belief, defendant JULIE SCHWARZ owns and
19  maintains or is otherwise responsible for the content found on a webpage entitled
20  Grace Lilly Home, hosted on the third-party website Etsy.com. Through this
21  website, defendant sells, and has images of, picture frames substantially similar to
22  plaintiff's copyrighted designs.

23  12. The Esty.com website is a publicly accessible interactive website that
24  advertises to visitors and allows visitors to make purchases and track orders.

25  13. Due to the similarity of products sold by plaintiff and defendant, the
26  parties compete directly for many of the same consumers.

27  14. Attached hereto as **Exhibit B** are respective examples of plaintiff's
28  copyrighted design and defendant's substantially similar copies.

15. Defendant's copying and republication without authorization was thus willful, oppressive malicious and with wrongful intent to infringe the rights of plaintiff.

## CLAIMS FOR RELIEF

### First Claim for Relief

### (Copyright Infringement)

16. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 15 of the Complaint as though fully set forth herein.

17. At all times relevant hereto, plaintiff has been the owner of all copyright rights or rights to assert copyright claims for her picture frame designs and all derivative works.

18. Without authorization, defendant used, copied, reproduced, and republished the copyrighted material. Defendant's copying, reproduction, and republication were commercial in character and purpose. Defendant either completely or substantially used plaintiff's copyrighted content. Because the copying was for the purpose of competing with plaintiff, it did not constitute fair use under any doctrine of copyright law.

19. Plaintiff did not authorize defendant's copying, displaying, or republishing of the works. Defendant infringed the copyrights of plaintiff's creative works by reproducing, republishing, publicly displaying, and creating derivates of the works.

20. As a result of defendant's infringement, plaintiff has suffered, and will continue to suffer, substantial losses.

21. Defendant knew the infringed works belonged to plaintiff and that they did not have authorization to exploit plaintiff's works. Defendant's infringements were therefore willful.

22. On information and belief, defendant induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing,

and assisting others to reproduce and republish plaintiff's works. Further, on information and belief, defendant had knowledge of the infringing acts of others relating to plaintiff's copyrighted works.

23. On information and belief, defendant has the right and ability to control the infringing acts of the individuals and entities that directly infringed plaintiff's works. Further, on information and belief, defendant obtained a direct financial benefit from the infringing activities of the individuals or entities that directly infringed plaintiff's works.

24. Defendant's actions, as set forth above, constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, *et seq.*, all to the damage of plaintiff as previously alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court grant judgment against defendant for the following:

A. Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:

   i. infringing plaintiff's copyrighted works;
   ii. competing unfairly with plaintiff in any manner, including infringing any of plaintiff's copyright rights; and
   iii. conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (ii) above.

B. Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any

other materials in their possession or control that depict or reference any of plaintiff's copyrighted materials any materials or articles used for making or reproducing the same.

C. Defendant file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant have complied with the provisions of subparagraphs (A) and (B) above.

D. Plaintiff recover all damages it has sustained as a result of defendant's copyright infringement.

E. An accounting be directed to determine defendant's profits resulting from their infringement and unfair competition and that the profits be paid over to plaintiff, increased as the Court determines is appropriate to the circumstances of this case.

F. Plaintiff be awarded statutory damages.

G. Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.

H. Plaintiff recover its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

I. Plaintiff receives all other relief the Court deems appropriate.

\\
\\
\\
\\
\\
\\
\\
\\

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Dated: May 12, 2014    MANDOUR & ASSOCIATES, APC

   /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
blila@mandourlaw.com
Attorneys for plaintiff,
CRYSTAL COVE DESIGN STUDIO LLC

# EXHIBIT A





**EXHIBIT B**




My Shop                                   Copy


